## F. M. THOMASON ET AL. *v.* D. M. WADLINGTON.

1. ATTACHMENT. *Debt not due. Ground.*

   The only ground of attachment before maturity of the debt is that the creditor has just cause to suspect and does verily believe that the debtor has removed or will remove himself or his property out of the State, with intent to hinder, delay or defraud his creditors.

2. SAME. *Verdict. Must assess value of each article.*

   Where a writ of attachment is levied on various articles of personal property which are replevied, the jury, in assessing the value of the property, should assess the value of each article separately, as in detinue or replevin.

ERROR to the Circuit Court of Attala County.

Hon. W. B. CUNNINGHAM, Judge.

*Garnett Andrews*, for the plaintiff in error.

1. The attachment was not taken out under § 1455, which makes provision for cases where the debt is not due, as in the case at bar; but it was taken out on one of the grounds given in § 1420 of the Code, relating to the ordinary case of debts matured. It appears from the account filed, the declaration and the affidavit for attachment, that the debt was due on 1st April, 1874. The writ was issued on 1st March, 1874. This error on the face of the record is fatal. *Hopkins* v. *Gardner*, 26 Miss. 144; *Rankin* v. *Dulaney*, 43 Miss. 202; *Hosey* v. *Ferriere*, 1 S. & M. 663; Drake on Attachment (2d ed.), c. 5, §§ 84–107.

2. The writ was levied on one sorrel horse, one gray horse, one iron-gray pony horse, one bay mule, one mouse-colored mule, one brown mule, one wheelbarrow, one single buggy, one saddle, one double buggy and an iron-gray horse. The jury assessed the value of all together. The separate value of each article should have been assessed, as in replevin or detinue. *Drane* v. *Hilzheim*, 13 S. & M. 336; *Walker* v. *Commissioners of Sinking Fund*, 1 S. & M. 378; *Whitfield* v. *Whitfield*, 40 Miss. 369.

*Campbell & Anderson*, on the same side.

*Harris & George*, for the defendant in error.

1. We do not regard the fact (if it be such) that the attachment was sued out before the debt was due as a defect which renders the judgment either void or erroneous.

(1.) Since the statutes allowing amendments of the affidavit, bond, &c., the courts construe the act liberally, to prevent fraud and reach justice.

(2.) When the replevin bond was given, all errors in the preliminary proceedings were waived. *Wharton* v. *Conger*, 9 S. & M. 510; *Phelps* v. *Hines*, 33 Miss. 163; 39 Miss. 359.

(3.) The objection, not being taken in the court below, was waived. *Binns* v. *Stokes*, 27 Miss. 239; *Doe* v. *Natchez Ins. Co.* 8 S. & M. 197.

(4.) The date is probably a clerical error.

(5.) The defect is cured by the Statute of Jeofails. Code 1871, § 622.

2. It is said the verdict and judgment are wrong, because the separate value of each article was not assessed. This we regard as an erroneous view of the law. It is error to suppose attachment is like an action of replevin or detinue.

The learned counsel then contrasted the attachment statute with the replevin act, pointing out why the judgment, and verdict should be different in the one from the other.

CHALMERS, J., delivered the opinion of the court.

The judgment is erroneous upon two grounds : —

1. The suit was by attachment for a debt not due, and the ground of attachment was that the defendant had assigned or was about to assign or dispose of his property, with intent to defraud his creditors, &c.

This constitutes no ground of attachment under our law upon a debt not due. The only ground of attachment before maturity of the debt is, that the creditor has just cause to suspect and verily believes that the debtor has removed or will remove himself or his property out of the State, with intent to hinder, delay or defraud his creditors. Code, § 1455.

2. The attachment was levied upon various articles of personal property, all of which were replevied from the officer by the defendant, by the delivery of a bond for their forthcoming, under § 1439 of the Code. The defendant having thereafter made default, judgment was entered against him, and writ of inquiry awarded to assess the value of the property attached. The jury returned a verdict, fixing the value in gross, without specifying separately the value of the several articles ; and thereupon judgment was rendered against the defendant and the surety in the replevin bond for this aggregate value. This, we think, was erroneous. It is well settled that, in the ordinary action of replevin and in detinue, and in trials of the rights of property under the claimant's issue, the verdict must find the value separately of the several articles in controversy. We think that the same rule should apply to the proceedings under consideration.

By § 1448 of the Code, it is provided that, where judgment

in this class of cases is rendered upon the replevin bond, the sureties thereon may discharge it, so far as they are concerned, by a return of the property replevied. This necessarily implies that they may discharge it *pro tanto* by a surrender of a portion of the property, and hence the necessity for a determination of the value of each article, so that, in case of a partial return, they may receive proper credit.

*Judgment reversed and cause remanded.*